**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA

v.    CRIMINAL ACTION NO. 2:05-00023-02

DAMON A. BROWN,
     also known as "Bubbles"

**MEMORANDUM OPINION AND ORDER**

Pending is the defendant's motion for judgment of acquittal or, in the alternative, a new trial. For the following reasons, the motion is **DENIED**.

The defendant was charged with various drug possession and distribution offenses in five counts of a seven-count superseding indictment. After a three-day trial, the jury convicted the defendant of all counts charged in the superseding indictment. Based on the jury's verdict, the Court adjudged the defendant guilty of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846; distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and aiding and abetting possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The defendant maintains that there was insufficient evidence to convict him on all counts in which he was charged. In addition, he contends that the Court made the following errors before and during trial: refusing access to grand jury information to determine the potential bias of the grand jurors; allowing introduction of inadmissible 404(b) evidence; refusing an instruction on a lesser-included offense of possession; and allowing Detective Chad Napier to testify as an expert. Finally,

he asserts that he was convicted by a jury that did not represent a fair cross-section of the community in which he resides. The Court will address each argument in turn.

In determining whether to grant a motion for judgment of acquittal, the Government is entitled to the benefit of all reasonable inferences, and credibility of the witnesses should not be considered. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982); *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). If, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, then a motion for judgment for acquittal must be denied. *Tresvant*, 677 F.2d at 1021.

The Court has more latitude in determining whether to grant a motion for new trial. Rule 33 of the Federal Rules of Criminal Procedure provides that, upon motion of the defendant, "the court may grant a new trial to that defendant if the interests of justice so require." Unlike a motion for judgment of acquittal, the Court need not weigh the evidence in a light most favorable to the Government. *See U.S. v. Arrington*, 757 F.2d 1484 (4th Cir. 1985). Rather, the Court's discretion is broad and the Court may evaluate the evidence, including the credibility of witnesses. *Id.* at 1485. While the Court has broad discretion in determining whether a new trial is warranted, that discretion should be exercised sparingly. *Id.* at 1486. Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the Court grant a new trial. *Id.* at 1485, *citing Tibbs v. Florida*, 457 U.S. 31 (1982). In addition to a motion for new trial upon specific errors, a motion for new trial may be granted where a miscarriage of justice may have resulted.

In this case, the evidence presented, viewed in a light most favorable to the Government, was sufficient to support the verdict. This evidence included the testimony of Detective Tim Palmer, who coordinated controlled buys of cocaine base from the defendant; drugs and buy money

recovered from these controlled transactions; marijuana, buy money and drug paraphernalia found in a search of the defendant's home; testimony of officers who observed the controlled buys and/or participated in the search; testimony of the confidential informant who participated in at least one buy; and testimony of a co-defendant who arranged a purchase of crack from the defendant for Detective Palmer.  The weight of this evidence is sufficient for a rational juror to have found beyond a reasonable doubt that the defendant was guilty of the crimes charged.  The defendant's claim that the evidence was insufficient to support the verdict, therefore, is without merit.

      The Court finds no reason to depart from its earlier ruling that the defendant failed to meet the burden of establishing particularized and factually based grounds for questioning the grand jury proceedings.  *See United States v. Nguyen*, 314 F. Supp.2d 612 (E.D. Va. 2004).  In the absence of any such factual basis, the possibility that some bias or misconduct might have existed is not enough to overcome the presumption of regularity that attaches to the proceedings. *Id.* at 612.  Accordingly, the Court finds no error in refusing the defendant access to grand jury information.

      The defendant's motion does not identify any specific 404(b) evidence introduced by the government that he believes should have been found inadmissible.   The Court is unaware of any such evidence and therefore finds no merit to the defendant's claim.

      The evidence introduced at trial did not meet the standard for instructing jurors that they could find the defendant guilty of the lesser-included offense of simple possession rather that of the distribution charge on which he was convicted.  To receive a lesser-included offense instruction, "the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *United States v. Walker*, 75 F.3d 178, 180 (4th Cir.1996).  For an element to be placed

"sufficiently in dispute" so as to warrant a lesser-included offense instruction, one of two conditions must be satisfied. Either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented." *Id.* In this case, there was no conflicting evidence on the issue of whether the defendant may have possessed the drugs in question for personal use.  There was, however, significant evidence that the quantity of drugs and packaging materials found showed an intent to distribute illegal drugs. Therefore, the Court finds that it did not err in refusing to provide the jury with an instruction regarding the lesser-included offense.

Among the evidence on the issue of intent to distribute was the expert testimony of Detective Chad Napier, who offered his opinion regarding typical drug amounts for personal use and for distribution.  The defendant challenges the Court's decision to qualify Detective Napier as an expert. Federal Rule of Evidence 702 instructs:

> [i]f  scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The rule is broadly interpreted and a witness's qualifications as an expert liberally considered. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993).  "Where the expert's qualifications are challenged, the test for exclusion is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered." *Id*. Detective Napier is a supervisor with the Metro Drug Unit who previously served as a task force officer with the Drug Enforcement Administration.  He has worked on drug investigations for eight years and attended multiple schools, conferences and training sessions in that time.  In addition, Detective Napier has previously testified in this district as an expert on drug use and distribution

amounts. Given this experience and training, the Court finds no error in its determination at trial that Detective Napier was qualified to testify as an expert in this case.

Finally, the defendant challenges the composition of the jury, contending that the absence of minorities on the panel establishes that it did not represent a fair cross-section of the community in which he lives. The law is clear that "the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). This standard is also reflected in the Federal Jury Selection and Service Act, which declares that it is "the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. A defendant seeking to establish a violation of this requirement must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). The defendant here has not established – nor, in fact, even alleged – that any group has been systematically excluded from the jury pool. In the absence of a showing that the selection process was flawed, the defendant has no claim. In addition, the Court notes that the defendant's motion states as grounds for relief simply that "he was convicted by a jury which did not represent a fair cross-section of the community wherein he resides." The requirement is that a jury is drawn from a source representative of the community, not that the jury chosen reflects the community. *Taylor v. Louisiana*, 419 U.S. at 538. "Defendants are not entitled

to a jury of any particular composition" *Id*.  Consequently, the Court finds no basis for the defendant's challenge regarding the composition of the jury.

Having fully reviewed the record in this case, and finding no error, the defendant's motion for judgment of acquittal or, in the alternative, a new trial is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office and the United States Marshal.

ENTER: August 23, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE